# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Robert Hudson, <br><br> Petitioner, <br><br> v. <br><br> Superintendent, <br><br> Respondent. | Case No. 3:16-cv-469 JVB |

## OPINION AND ORDER

Robert Hudson, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 16-05-156) where a disciplinary hearing officer (DHO) found him guilty of Assault/Battery in violation of Indiana Department of Correction (IDOC) policy A-102. ECF 8 at 1. As a result, he was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.* Hudson identifies three grounds in his petition.

Grounds One and Two are nearly identical; that the decision maker was biased against him. In Ground One, Hudson argues that the DHO was not impartial. ECF 8 at 2. According to Hudson, the fact that the other offender in the fight received a less severe sanction serves as evidence of the DHO's bias. *Id.* In Ground Two, Hudson argues that the DHO treated him with prejudice because of his race. Hudson again argues that the severity of his sanctions, as compared to the other offender, is evidence of racial bias. *Id.* Respondent contends that the DHO had sufficient evidence on which to find Hudson guilty of battery. ECF 12 at 9-10. Respondent also argues that Hudson's assertion that the DHO was partial amounts to nothing more than a disagreement with the DHO's view of the evidence. ECF 12 at 13. With respect to Hudson's

1

claim of racial prejudice, Respondent argues that Hudson failed to exhaust this claim and that the claim is without merit. ECF 12 at 14.

The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, the DHO had sufficient evidence on which to find Hudson guilty of A-102. The Indiana Department of Corrections (IDOC) defines the A-102 offense as follows:

> [c]omitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury.

Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Here, the Conduct Report stated that the reporting officer "heard loud noises" coming from Hudson's cell, "as if someone was hitting the door." ECF 12-1 at 1. The reporting officer saw a third-party inmate watching nearby with "a scared look on his face." *Id.* When the officer reached the cell, he saw "two offenders in the cell facing off towards each other, both were sweaty and breathing hard…" *Id.* The reporting officer identified the two offenders as Everett Sweet and Robert Hudson. The officer noted that Sweet was bleeding from his left ear and was taken to be evaluated by medical personnel. *Id.* During the May 12, 2016 hearing, Hudson admitted to the DHO that he hit Sweet in the face. ECF 12-6 at 1. The DHO found Hudson guilty on the basis of the Conduct Report and evidence from the hearing. ECF 12-7 at 1.

The DHO had sufficient evidence on which to find Hudson guilty. The Respondent argues that while Hudson did not use a weapon, the charge was nevertheless satisfied because Hudson inflicted serious bodily injury upon Sweet. ECF 12 at 10. After the altercation, Sweet was bleeding from his left ear, was having trouble breathing, and complained of sore ribs. ECF 12-1 at 1. Medical personnel suspected that Sweet may have Pneumothorax, a punctured lung, and admitted him to the infirmary for observation. *Id.* It was not unreasonable or arbitrary for the DHO to find that these injuries rose to the level of "serious bodily injury" for purposes of A-102. In light of the evidence in the Conduct Report and Hudson's own statements, the DHO had sufficient evidence to find Hudson guilty of A-102.

The remaining question posed by Grounds One and Two is whether the DHO was impartial and/or racially biased. However, Hudson failed to raise the issue of racial

3

discrimination during his disciplinary appeal. ECF 12-8. Therefore, his racial discrimination claim is procedurally defaulted. *See* 28 U.S.C. § 2254(b). Nevertheless, the court will review both of Hudson's claims on the merits.

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). While prisoners have a right to be free from arbitrary punishment, they are sufficiently protected from such action where the procedural safeguards in *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) have been satisfied. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *Guillen v. Finnan*, 219 F. App'x 579, 582 (7th Cir. 2007). A prisoner's due process right to an impartial factfinder prohibits any factfinder who was personally and substantially involved in the underlying incident, or is related to someone who meets this criteria. *Piggie*, 342 F.3d at 666. Here, Hudson has not alleged that the DHO was personally and substantially involved in the underlying incident, or is related to someone who was involved. Rather, Hudson challenges the DHO's discretionary decision regarding the severity of the sanctions imposed. However, the disparity in the sanctions alone is insufficient evidence that the DHO was partial or discriminated against Hudson on the basis of race. Hudson received the due process procedures guaranteed to him by *Wolff* and is entitled to no more for purposes of his habeas corpus action.

In Ground Three, Hudson argues that he had a right under Indiana state law to stand his ground in self-defense. ECF 8 at 3. The Respondent contends that Hudson did not have a constitutional right to self-defense, and even if he did, violations of State law cannot serve as the basis for habeas corpus relief. ECF 12 at 11-12. The Respondent is correct. "Prisons may discipline inmates who engage in violence even if the inmate did so to protect himself." *Keller v.*

*Cross*, 603 F. App'x 488, 489 (7th Cir. 2015). "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). Moreover, "a state statute is insufficient to 'constitutionalize' the right allegedly embodied in it…[and] Indiana statute cannot create a substantive constitutional right to self-defense." *Rowe v. DeBruyn*, 17 F.3d 1047, 1052 (7th Cir. 1994). Hudson, as an incarcerated person, had no constitutionally protected right to self-defense. Therefore, Ground Three is denied.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED on April 19, 2017.

                                                 s/ Joseph S. Van Bokkelen
                                                 Joseph S. Van Bokkelen
                                                 United States District Judge
                                                 Hammond Division